923 F.2d 856
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis OWENS, Petitioner-Appellant,
v.
James GREER, Respondent-Appellee.
 No. 89-1149.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 8, 1990.*
Decided Jan. 25, 1991.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 I.
 
 1
 Petitioner Louis Owens appeals the dismissal of his writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Owens was convicted of aggravated battery, attempted murder and armed violence by an Illinois circuit court. He was sentenced to 60 years imprisonment on the armed violence conviction.
 
 
 2
 Owens raised seven issues in his habeas corpus petition. The district court found that Owens had procedurally defaulted on four of the claims. The court also dismissed a fifth claim because the Illinois Appellate Court found that he had failed to raise that issue in a post-trial motion, providing an independent state ground for dismissal. The district court found that Owens' last two claims were properly presented, but dismissed them on the merits. Owens does not challenge the district court's decision on the merits of the two surviving claims.
 
 
 3
 Owens presents two arguments on appeal. Owens does not challenge the district court's determination that four claims were procedurally defaulted.[1] Instead, he complains that he was not given an opportunity to present a cause and prejudice argument to overcome the procedural default. He also argues that his petition contained an unexhausted claim; therefore, the district court should not have reached the merits of the surviving claims, but dismissed should have the entire petition without prejudice pursuant to Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982).
 
 II.
 A. PROCEDURAL DEFAULT
 
 4
 Owens filed his habeas petition on June 23, 1988. On September 13, 1988, respondent Greer filed an answer and a motion to dismiss the petition with a supporting brief. On October 31, 1988, Owens filed a motion for appointment of counsel stating that his limited legal knowledge would not allow him to adequately respond to Greer's motion. The district court simultaneously dismissed Owens' habeas petition and denied the request for counsel on December 8, 1988. In dismissing the four claims due to procedural default, the district court noted that Owens failed to offer any explanation for the default.
 
 
 5
 Procedural default occurs when a petitioner has failed to pursue his claims in the state forum.
 
 
 6
 [A] federal claim not presented to the state courts is procedurally barred in federal court and must be dismissed unless the prisoner can show adequate cause to excuse his failure to raise the claim in state court and actual prejudice resulting from the procedural default.
 
 
 7
 United States ex rel. Simmons v. Gramley, No. 89-2404, slip op. at 5 (7th Cir. Oct. 9, 1990) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1982). Owens argues that he should have been allowed to address the issue of procedural default after it was raised by the respondent.
 
 
 8
 Owens was given the opportunity to address the issue of procedural default in his original petition. The form petition that Owens was required to fill out specifically asks whether all grounds raised in the petition were presented to the highest state court. Habeas Form Petition, question 12. The form next requests that petitioner state the reasons why such grounds were not raised. Id., question 13. These questions require the petitioner to examine his petition to determine whether any of the issues were procedurally defaulted. If any claims are defaulted, the petitioner is then obligated to give the reasons for default. This means he must show cause and prejudice for default in his petition. Despite these questions, Owens failed to raise cause and prejudice in his original petition. He cannot come to this court requesting a second opportunity to explain his default.
 
 B. EXHAUSTION
 
 9
 Owens also contends that the district court should have dismissed the entire petition without prejudice due to the existence of an unexhausted claim. He suggests that had he been given the opportunity to respond to the issue of procedural default, he would have raised an unexhausted ineffective assistance of counsel claim.[2] However, as already discussed, Owens was alerted to address any questions concerning procedural default in his petition. Because Owens did not present his cause and prejudice arguments notwithstanding the form's questions, the petition raised no unexhausted claims, and Rose v. Lundy, supra, presumably does not require dismissal.
 
 
 10
 Owens does not challenge the district court's determination on the merits. Therefore, we will not review the court's decision. The decision of the district court is
 
 
 11
 AFFIRMED.
 
 CUDAHY, Circuit Judge, dissenting:
 
 12
 Given the confusing posture of the case at the time the district judge dismissed the habeas petition, I believe the spirit if not the letter of the Federal Rules should afford the petitioner a chance to respond to the state's allegations. Here, the district judge simultaneously denied petitioner's motion for appointment of counsel and dismissed the petition outright, apparently foreclosing any opportunity to respond pro se. The better practice in my mind would be to allow the petitioner to attempt to show cause and prejudice and to rule on that showing directly, rather than leaving us to guess at what the showing might have been. I do not believe the habeas form should be relied on to deprive the petitioner of an opportunity to respond to the state's allegation and argument.
 
 
 13
 Further, if the cause petitioner asserts to justify his procedural default is itself unexhausted, then Rose v. Lundy, 455 U.S. 509 (1982), may well require the district court to dismiss the entire petition. Cf. Murray v. Carrier, 477 U.S. 478, 488-89 ("we think that the exhaustion doctrine ... generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"). Because of the somewhat abbreviated disposition of this case, however, we are now required to review a habeas petition that may well include unexhausted claims properly directed to the state court.
 
 
 14
 I would remand the matter to the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The record supports the district court's finding of procedural default. Four of the issues that are raised in this petition were challenged in a post-conviction petition or on direct appeal. Owens appealed both actions to the Illinois Supreme Court, but he failed to raise these four claims in that court. Issues not raised on appeal to the highest state court are procedurally defaulted. United States ex rel. Simmons v. Gramley, No. 89-2404, slip op. at 4-5 (7th Cir. Oct. 9, 1990)
 
 
 [2]
 Owens raised one claim for ineffective assistance of counsel that was fully exhausted as it was presented in Owens' amended petition for post-conviction relief. He claimed that trial counsel did not effectively investigate or cross-examine a witness who Owens later discovered was testifying under a grant of immunity. Owens raised this allegation in his habeas petition. It was one of the surviving claims which the district court decided on the merits. Owens did not allege that trial or appellate counsel was ineffective in any other context